IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | |
| ) | | |
| Plaintiff-Respondent, ) | Case Nos. | CV-05-187-E-BLW |
| ) | | CR-03-276-E-BLW |
| v. ) | | |
| ) | **ORDER RE: CERTIFICATE** | |
| SERGIO VARGAS-CEJA, ) | **OF APPEALABILITY** | |
| ) | | |
| Defendant-Movant. ) | | |
| ) | | |

This Court previously dismissed Defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. He has since filed a Notice of Appeal (Docket No. 8) which the Court has construed as an Application for Certificate of Appealability. Having considered the Application and the record in this case, the Court enters the following Order.

### CERTIFICATE OF APPEALABILITY

A movant who has been denied relief cannot appeal from the denial or dismissal of a proceeding under 28 U.S.C. § 2255 unless he has first obtained a certificate of appealability (COA). 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A

**Order Re: Certificate of Appealability - 1**

COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Ninth Circuit has recently discussed the requirements for a certificate of appealability in *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006):

> A petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484, 120 S.Ct. 1595; *see also Miller-El v. Cockrell*, 537 U.S. 322, 338, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). To meet this "threshold inquiry," *Slack*, 529 U.S. at 482, 120 S.Ct. 1595, the petitioner " 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.' " *Lambright*, 220 F.3d at 1025(alteration and emphasis in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983) (internal quotation marks omitted)).

The requirements for a certificate of appealability for a § 2255 appeal do not appear to differ from the requirements for a certificate of appealability for a § 2254 habeas petition related to a state conviction. *See United States v. Asrar*, 116 F.3d 1268 (9th Cir. 1997). The district court shall either indicate which issue or issues satisfy the standard for issuing a COA or indicate why a certificate should not be granted. *Asrar*, 116 F.3d at 1270 (citing 28 U.S.C. § 2253(c)(3)).

In this case, Defendant claimed (1) that his sentence was illegally enhanced

**Order Re:  Certificate of Appealability - 2**

by facts not admitted by him, charged in the indictment, or proven to a jury beyond a reasonable doubt, and (2) that counsel was ineffective based on failure to challenge the enhancement or bring mitigating factors to the attention of the Court. The Court found that those claims failed on the merits. *Mem. Dec. and Order* (Docket No. 6).

The Court has carefully reviewed its decision as to each of these issues and finds that Defendant has not demonstrated that the decision as to either of the issues would be debatable among reasonable jurists. Accordingly, the application for a COA will be denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Notice of Appeal construed as an Application for Certificate of Appealability (Docket No. 8) is DENIED. Defendant is advised that he may still request a COA from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b).

IT IS FURTHER HEREBY ORDERED that the Clerk of Court is ordered to forward a copy of this Order to the Ninth Circuit Court of Appeals. It appears that the Notice of Appeal construed as an Application for Certificate of Appealability (Docket No. 8) has previously been forward to the Ninth Circuit. The district

**Order Re:  Certificate of Appealability - 3**

court's file in this case is available for review online at www.id.uscourts.gov.  If requested by the Ninth Circuit, the Clerk of Court shall forward that portion of the record beginning with the filing of the 28 U.S.C. § 2255 Motion.



DATED:  **January 26, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Order Re:  Certificate of Appealability - 4**